IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ZEMIRAH MELODY CAROL RUTH EL TR,** | : : | CIVIL ACTION |
| | : | |
| v. | : : | |
| | : | No. 22-cv-4062 |
| | : : | |
| **BERNARD MOORE** | : : | |
| | : | |

## MEMORANDUM

**Perez, J**  December 14, 2023

*Pro se* Plaintiff, Zemirah Melody Carol Ruth El, Tr, ("Plaintiff El") brings this suit against Defendant Senior Judge Bernard Moore ("Judge Moore") of the Montgomery County Court of Common Pleas under numerous constitutional provisions and federal statutes.[1] This matter comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 18). Having reviewed Plaintiff's Response in Opposition (Doc. No. 21), Plaintiff's multiple Motions for Default Judgment and subsequent support motions (Doc. Nos. 19, 25, 28), and Defendant's Reply (Doc. No. 27), for the reasons set forth below the Defendant's Motion is GRANTED.

**I. BACKGROUND**

This case appears to arise out of a civil ejectment proceeding in the Montgomery County Court of Common Pleas presided over by Judge Moore in December of 2021 and February of 2022. (Compl. at 2). The Complaint is somewhat difficult to understand, as Plaintiff El uses

---

[1] Plaintiff El lists the following as her rights at issue: 18 U.S.C. § 242; Article IV of the Constitution; 5th Amendment of the Constitution; UCC Article 9 (Secured Transactions); USC Title 17 (Copyright Law); 25 C.F.R. § 163.29 (Trespassing – Native American Forest Land); Articles 22 and 25 of the "Treaty of Peace and Friendship" between the U.S. and Morocco from 1836.

language common to suits filed by those who identify as sovereign citizens and Moorish Americans. Plaintiff El appears to claim that Judge Moore did not have jurisdiction to hear her matter on diversity grounds due to her claimed citizenship of "Aboriginal Indigenous Foreign National of Al Maghrib Al Aqsa, Northwest Amexum."[2] (Compl. at 2, 4-5). This alleged lack of jurisdiction and subsequent ejectment order deprived Plaintiff El of her "[c]onstitutional right to own and possess property." (Compl. at 2). It is unclear whether Plaintiff El is suing Judge Moore in his official or individual capacity, as she makes reference to both. (See Doc. No. 21 at 4 ("Bernard Moore is being sued in his personal capacity . . ."); ECF 23-2960 Doc. No. 1 at 2 (Plaintiff El filed a Writ of Mandamus with the Third Circuit and referenced suing Moore "in his official and personal capacity.")).

As relief, Plaintiff El has requested monetary damages contained in a "Trust Fee Schedule" which includes over a quintillion dollars in gold, forceful ejection of the current owners of the property, adjustment of property records, immediate housing and board, and a public apology. (Compl. at 5-7). Judge Moore is the only named Defendant in the Complaint; however, her requested relief concerns many other parties such as the Montgomery County Sheriff and the current owners of the property in question. (*Id.*).

Plaintiff El filed her Complaint on October 7, 2022. (Doc. No. 1). Plaintiff El then filed a Motion for Service by U.S. Marshals on October 27, 2022 (Doc. No. 9), which was denied on November 22, 2022. (Doc. No. 15). Plaintiff El sent summons to Judge Moore via certified mail

---

[2] To the extent that Plaintiff El grounds her case in her claimed sovereign citizen or Moorish American status, the Court notes that such reliance is facially frivolous. *See El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) (noting that Treaties with Morocco have no relevance for civil suits "raising claims based on the events that occurred within what is the United States' geographical territory" including claims related to foreclosure or eviction proceedings); *Owens v. City of Philadelphia*, No. 18-CV-4522, 2018 WL 5281779, at *1 n.3 (E.D. Pa. Oct. 23, 2018).

on November 17, 2022, and provided receipts for such in a Motion for Declaratory Judgment filed on December 20, 2022. (Doc. No. 16). This Motion for Declaratory Judgment was denied on January 11, 2023. (Doc. No. 17). Judge Moore then filed a Motion to Dismiss on January 18, 2023 on grounds of improper service, judicial immunity, and failure to state a claim. Plaintiff El has since filed several other motions, primarily for Default Judgment and Expedition. (Docs. 19, 25, 30, 31, 32, 33).

## II. LEGAL DISCUSSION

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(5) – Insufficient Service of Process

Pursuant to Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed on the basis of insufficient service of process. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A court generally does not have jurisdiction over a defendant if there has been insufficient process or service of process. *Id.* "A district court's power to assert *in personam* authority over parties defendant is dependent not only on compliance with due process but also on compliance with the technicalities of Rule 4." *Grand Entm't Group, Ltd.*, 988 F.2d 476, 492 (3d Cir. 1993) ("Proper service is still a prerequisite to personal jurisdiction.").

In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made. *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entm't*, 988 F.2d at 488-89). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that service be completed within 90 days after the complaint is filed or the court must dismiss the case without prejudice. Fed. R. Civ. P. 4(m).

In addition to the time limits for service of process, Rule 4 sets forth the specific requirements for the manner of service which differ depending on the entity sued.

Here, a number of service rules are implicated based on how Plaintiff El has framed her Complaint. Rule 4(j) requires that state and local government entities be served by delivering a copy of the complaint and summons to the entity's chief executive or by complying with applicable state laws for service. Fed. R. Civ. P. 4(j)(2)(A)-(B). The applicable state service rule is Pennsylvania Rule of Civil Procedure 422. Rule 422 requires that service of suits against officers of the Commonwealth be served personally to the defendant and to the office of the Attorney General. Penn. R. Civ. P. 422(a).

Alternatively, Rule 4(e)(2) requires individuals to be served by delivering the summons to the individual, or by leaving a copy at the individual's home with an adult who lives there, or delivering the copy to the individual's agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). Individuals may also be served by following applicable state rules of civil procedure for the "state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The applicable state rule is Pennsylvania Rule of Civil Procedure 402. Rule 402 requires that individuals be served by hand delivering a copy to the defendant, an adult family member at the defendant's residence, a clerk or hotel manager at a boarding house which the defendant resides at, or to the defendant's agent at their usual place of business. Penn. R. Civ. P. 402(a)(1)-(2)(iii).

The Court finds that dismissal is proper under Rule 12(b)(5). The Montgomery County Court of Common Pleas is considered a state agency. *See Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000) ("All courts and agencies of the unified judicial system, including the Philadelphia Municipal Court, are part of 'Commonwealth government' and thus are state

rather than local agencies."). Therefore, if Judge Moore is being sued in his official capacity as a judicial officer, proper service must comply with either Federal Rule 4(j) or Pennsylvania Rule 422. Alternatively, if Plaintiff El is suing Judge Moore in his individual capacity, proper service must comply with either Federal Rule (e)(2)(A)-(C) or Pennsylvania Rule 402. Service by certified mail, the only service attempted in this case, is not appropriate under any of these rules.

While service via certified mail is appropriate under a single federal rule and a few state rules,[3] none of these apply to this case. Moreover, even though Judge Moore has notice of the lawsuit against him, actual notice to the defendant is not the equivalent of proper service of process. *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996) ("Notice of a claim is not sufficient.").

If proper service of a summons and Complaint is not made within 90 days of filing the complaint, the action is subject to dismissal, without prejudice, or the court may "direct that service be effected within a specified time . . . ." Fed. R. Civ. P. 4(m). When dismissing a case under Rule 4(m), courts ordinarily should determine whether good cause exists for granting an extension of time to effectuate proper service. *Id.*; *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305–06 (3d Cir. 1995). However, as Plaintiff El's case ultimately fails on subject matter jurisdiction grounds under doctrines of judicial immunity that cannot be cured, the Court need not conduct a good cause analysis.

---

[3] Under Federal Rule of Civil Procedure 4, service via certified mail only is allowed for the United States and its agencies, corporations, officers, and employees. Fed. R. Civ. P. 4(i). In Pennsylvania, service via certified mail is appropriate for: service outside the Commonwealth [Rule 404(2)]; certain real property actions [Rule 410(c)(3)]; actions for support [Rule 411]; actions for custody, divorce, and annulment [Rule 412].

### B. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) – Doctrines of Judicial Immunity

Federal Rule of Civil Procedure 12(b)(6) requires the court to determine whether the plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* When evaluating such a motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (*quoting Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

As Plaintiff El is proceeding pro se, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (noting that liberal construction of pro se pleadings is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (*quoting Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)).

As previously discussed, this Court is not clear on whether Judge Moore is being sued as a state official acting within the scope of his official duties, or as an individual. Plaintiff El mentions both in her various filings. In either case, Judge Moore advances two meritorious theories of judicial immunity: Eleventh Amendment Immunity and Absolute Judicial Immunity.

Under the Eleventh Amendment, states and state agencies are entitled to sovereign immunity from suit and liability. *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-96 (3rd Cir.

2008) (noting that this immunity can only be waived by an appropriate act of Congress or state voluntary invocation of federal jurisdiction). "Eleventh Amendment Immunity" is considered helpful shorthand for state sovereign immunity; however, a state's sovereign immunity from suit and liability is a fundamental element of the federal system and therefore not constrained by the text of Eleventh Amendment itself. *Id.* at 195 (*citing Alden v. Maine*, 527 U.S. 706, 713 (1999)). In Pennsylvania, "the Commonwealth enjoys sovereign immunity unless the General Assembly 'specifically waives sovereign immunity.'" *Id.* (*see* 42 Pa. Cons. Stat. § 8522) (showing applicable exceptions). No such exception exists for ejectment orders.

State actors acting and sued in their official capacity are protected by this immunity unless the plaintiff is seeking "prospective relief to end an ongoing violation of federal law." *Christ the King Manor, Inc. v. Sec. U.S. Dept. of Health and Human Services*, 730 F.3d 291, 318 (3d Cir. 2013). Accordingly, suits for damages or equitable retroactive relief are barred. *Id.*; *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1996) ("[R]elief that essentially serves to compensate a party injured in the past by the action of a state official, even though styled as something else, is barred by the Eleventh Amendment.").

Courts of Common Pleas, which are a part of the Pennsylvania Unified Judicial System, are considered state agencies entitled to Eleventh Amendment Immunity. *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000). The Montgomery County Court of Common Pleas is therefore entitled to Eleventh Amendment Immunity. Additionally, Plaintiff El is not seeking the type of prospective relief for an ongoing violation which would negate this immunity. Plaintiff El's requested relief is extreme monetary damages and retrospective changes to the deed and status of her old home. Accordingly, Judge Moore is protected from suit in his official capacity and the Court lacks subject matter jurisdiction in that regard.

This Court also lacks jurisdiction over Judge Moore in his individual capacity under the doctrine of Absolute Judicial Immunity. Judges have absolute immunity from suit and the assessment of damages in their individual capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). There are only two situations where Absolute Judicial Immunity does not apply: actions not taken in their judicial capacity and/or actions taken in "complete absence of all jurisdiction." *Id.* Actions are considered to be within a judge's official capacity when the act itself is "a function normally performed by a judge." *Id.* Actions taken in the absence of all jurisdiction are those where the judge clearly had no jurisdiction over the subject-matter – such as a probate judge with authority only over wills and estates presiding over a criminal case. *Bradley v. Fisher*, 80 U.S. 335, 352 (1871). Legal errors by judges are not sufficient to overcome this broad absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

The Pennsylvania Courts of Common Pleas have "unlimited original jurisdiction of all actions and proceedings" that are not otherwise vested in a different state court by statute. 42 Pa. Cons. Stat. § 931(a). Civil ejectment actions are handled by the county court where the land in question is located. Pa. R. Civ. P. 1052. Therefore, a Court of Common Pleas judge granting a motion regarding civil ejectment actions within their county would be acting both within his jurisdiction and carrying out a function normally performed by a judge. Accordingly, Absolute Judicial Immunity applies to Judge Moore.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and the Plaintiff's complaint is dismissed with prejudice as she cannot cure the issues of judicial immunity. An appropriate Order to follow.